UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH KELSCH**<br>84 Fairview Drive<br>Lucinda, PA 16235<br><br>            Plaintiff<br><br>**BUFFALO & PITTSBURGH RAILROAD**<br>400 Meridian Centre, Suite 300<br>Rochester, NY  14618<br><br>            Defendant<br><br>and<br><br>**GENESEE & WYOMING INC.**<br>200 Meridian Centre<br>Suite 300<br>Rochester, NY  14618<br><br>            Defendant | **CIVIL ACTION**<br><br>**NO.:**  1:21-CV-119<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1. Plaintiff herein is Joseph Kelsch a citizen and resident of the Commonwealth of Pennsylvania residing therein at 84 Fairview Drive, Lucinda, PA 16235.

2. The defendant Buffalo & Pittsburgh Railroad, Inc. is a corporation which is qualified to do business in the Commonwealth of Pennsylvania, and which operates a railroad and a common carrier for hire within, and which regularly does business in the Commonwealth of Pennsylvania, particularly the Western District of Pennsylvania, and which has a principal place of business located at 400 Meridian Centre, Suite 300, Rochester, NY  14618.

3. The defendant Buffalo & Pittsburgh Railroad, Inc is a corporation operating a railroad and a common carrier for hire within, and which regularly does business in the Commonwealth of Pennsylvania, particularly the Western District of Pennsylvania, and which

has a principal place of business located at 200 Meridian Centre, Suite 300, Rochester, NY 14618.

4. The defendant **GENESSE & WYOMING INC.** is a corporation operating a railroad and a common carrier for hire within, and which regularly does business in the Commonwealth of Pennsylvania, particularly the Western District of Pennsylvania, and which has a principal place of business located at 200 Meridian Centre, Suite 300, Rochester, NY 14618.

5. This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685-First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act."

6. At the time and place hereinafter mentioned and for a long time prior thereto, the defendants, as common carriers, operated trains carrying passengers, freight, express packages, baggage, and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

7. At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendants, jointly and severally, and by their agents, servants, workmen and/or employees, acting in the course and scope of their employment with and under the control of the defendants.

8. At the time and place hereinafter mentioned, the plaintiff and the defendants were engaged in interstate commerce between the different states of the United States and its territories.

9. All of the property, equipment and operations involved in the incident herein referred to were owned by and under the control of the defendants, their agents, servants, workmen and/or employees.

10. As a result of the incident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and may suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and may undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries; has been unable to attend to his usual duties and occupation and may be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

11. The incident herein referred to was caused solely and exclusively by the negligence of the defendants, jointly and severally, and by their agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

12. On or about August 31, 2018, at or about 7:45 a.m., and for sometime prior thereto, plaintiff was employed as a conductor/brakeman for the defendants.

13. On the aforementioned date, and at the aforementioned time, plaintiff was working on a southbound train on the main track at or near milepost 167 in Johnsonburg, Elk County, Pennsylvania.

14. On the aforementioned date, and at the aforementioned time, the area where plaintiff was required to work and walk contained freshly dumped ballast that had been placed there a few days earlier.

15. On the aforementioned date, and at the aforementioned time, despite having been at that location for a few days, the ballast had not been tamped.

16. On the aforementioned date, and at the aforementioned time, in the performance of his railroad duties, it was necessary for plaintiff to walk on that untamped ballast.

17. On the aforementioned date, and at the aforementioned time, at a result of the negligence of the defendants, their agents, servants, workman, and/or employees, said freshly laid and untamped ballast suddenly shifted and moved beneath his feet, causing plaintiff to turn on the left side of his left foot, and resulting in immediate pain to his left foot.

18. Plaintiff's left foot continued to hurt, and he was taken to Penn Highland DuBois Hospital where it was determined that he had fractured his fifth metatarsal and his foot was splinted and given crutches.

19. The aforementioned accident was caused by the negligence and carelessness of the defendants, jointly and severally, and was not caused by any conduct on the part of the plaintiff.

20. The negligence of the Defendants, jointly and severally, consisted of, but is not limited to, failing:

   a. Failing to inspect the location where plaintiff was required to work and walk.
   b. Failing to discover that the location where the plaintiff was required to work and walk was unsafe.
   c. Requiring the plaintiff to work and walk in an area where there was freshly laid and untamped ballast. Failing to properly tamp the ballast.
   d. Failing to provide the plaintiff with an alternate safe route to work and walk in the area in light of the untamed ballast.
   e. Failing to provide necessary warning and instructions to the plaintiff concerning the aforementioned conditions.

21. As a result of the aforesaid incident, plaintiff sustained injuries to his left foot; fracture of the fifth metatarsal of the left foot; residual deformity and lucency of the proximal shaft of the left fifth metatarsal; a left metatarsal jones fracture; and a partial nonunion of the left metatarsal requiring bone graft augmentation and bone marrow aspirate injection. Some or all of

the above injuries are or may be permanent in nature. The full extent of plaintiff's injuries is not presently known.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, for a sum in excess of One Hundred Fifty Thousand ($150,000.00) Dollars.

**COFFEY KAYE MYERS & OLLEY**

By: */s/ Robert E. Myers*
**COFFEY KAYE MYERS & OLLEY**
**Robert E. Myers, Esquire**
**Michael J. Olley, Esquire**
**Lawrence A. Katz, Esquire**
*Attorneys for Plaintiff*
**Suite 718, Two Bala Plaza**
**Bala Cynwyd, PA 19004**
**(610) 668-9800 – phone**
**(610) 667-3352 – fax**

Date:   April 12, 2021