IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH KELSCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 21-119 |
| v. ) | |
| ) | Judge Cathy Bissoon |
| BUFFALO & PITTSBURGH RAILROAD, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Defendant's Motion (Doc. 48) for Summary Judgment will be denied.

Defendant argues summary judgment is appropriate because there is no genuine issue of material fact that it "did not know, nor should have known, of the hidden rock that Plaintiff claims was concealed underneath the ballast and caused his injury." Def.'s Br. (Doc. 49) at p. 1. In cases under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq*. ("FELA"), however, summary judgment on the issue of negligence is appropriate "only in those extremely rare instances where there is a zero probability either of employer negligence or that any such negligence contributed to the injury of an employee." Hines v. Consolidated Rail Corp., 926 F.2d 262, 268 (3d Cir. 1991) (quoting Pehowic v. Erie Lackawanna R.R., 430 F.2d 697, 699-700 (3d Cir. 1970)) (internal quotation marks omitted). This is far from an extremely rare case as Plaintiff has met this low burden.

There is minimal evidence that Plaintiff was required to "perform a pre-trip inspection of the train" and was "injured while in the process of performing his [pre-trip] inspection." Def.'s Concise Statement of Material Facts (Doc. 50) at ¶¶ 8, 11; Pl.'s Concise Statement of Material Facts (Doc. 53) at ¶¶ 8, 11. Plaintiff also provided minimal evidence supporting an inference that Defendant had notice of an alleged dangerous condition that certain rocks and the walking

area where Plaintiff was injured presented an issue for its workers.  *See* Pl.'s Resp. (Doc. 52) at pp. 8-9 (citing to deposition testimony of BPRR Track Inspector Dan Feely, the BPRR Daily Operating Bulletin warning employees to "watch footing account crossing work" and hillside photographs).  Furthermore, the parties dispute certain material facts, including whether Defendant could have or should have tamped down the ballast in the walkway to prevent Plaintiff's injury or whether rocks from a well-known area for rolling/sliding rocks could have landed where Plaintiff was injured.  *See* Def.'s Reply to Material Facts (Doc. 54) at ¶¶ 38-39.

Defendant also appears to advance an assumption of the risk defense by arguing Plaintiff was "warned about [the loose ballast] by the Daily Operating Bulletin."  Def.'s Br. at p. 4.  Assumption of the risk, however, is not a defense under FELA.  45 U.S.C. § 54; Tiller v. Atlantic Coast Line Railroad Co., 318 U.S. 54 (1943).

Although Plaintiff certainly has not demonstrated that Defendant was negligent, and the evidence upon which he relies is scant to say the least, viewing the evidence in light most favorable to him, the Court finds Plaintiff has offered enough evidence to survive this Motion.

For these reasons, Defendant's Motions for Summary Judgment (**Doc. 48**) is **DENIED**.

IT IS SO ORDERED.

November 22, 2023                                                s/Cathy Bissoon
                                                                 Cathy Bissoon
                                                                 United States District Judge

cc (via ECF email notification):
All Counsel of Record